**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jae M. ROONEY, Defendant–Appellant.**

No. 03–6033.

United States Court of Appeals,
Sixth Circuit.

Aug. 19, 2004.

D. Gregory Weddle, Asst. U.S. Attorney, Jennifer Bolen, U.S. Attorney's Office, Knoxville, TN, Barbara T. Wells, Drake A. Cutini, U. S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Jae M. Rooney, Maryville, TN, pro se.

Irven Box, Oklahoma City, OK, for Defendant–Appellant.

Before: MOORE and COLE, Circuit Judges; and MARBLEY, District Judge.*

### ORDER

Jae M. Rooney appeals her sentence of imprisonment imposed upon her plea of guilty to illegally distributing OxyContin in violation of 21 U.S.C. §§ 841 and 846. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The parties entered into a plea agreement that provided, in part, for the government to move for a downward departure pursuant to USSG § 5K1.1 in exchange for Rooney's substantial assistance to the government. Thereafter, however, the government determined that while Rooney was on pretrial release, she breached the plea agreement. The government offered evidence of that breach at a June 3, 2003, hearing before the district court. Rooney moved the district court to enforce the plea agreement claiming that the conduct the government complained of was known to the government prior to the entry of the plea agreement. Thus, Rooney argued that the government waived any breach of the plea agreement. Thereafter, the district court conducted a second hearing to consider Rooney's claim that an unconstitutional motive prompted the government to refuse to comply with the terms of the plea agreement. Rooney presented no evidence or testimony.

The district court held that Rooney had breached the parties' plea agreement and

that the government had not waived Rooney's breach. Accordingly, the district court denied Rooney's motion to enforce the plea agreement and sentenced her to forty-six months of imprisonment and three years of supervised release. Rooney appeals that judgment.

On appeal, Rooney essentially reasserts the arguments set forth in the district court. She contends that: 1) the district court erred in finding that she breached the plea agreement and that the government had not waived the breach; and 2) the district court erred in determining that the government was not prompted by an unconstitutional motive in refusing to comply with the terms of the plea agreement.

■ Upon review, we conclude that the district court did not err in finding that Rooney breached the plea agreement. Rooney contends that the government failed to meet its burden of proving a breach of the plea agreement by a preponderance of the evidence. The content of a plea agreement and what the parties agree to is a question of fact that is reviewed for clear error. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.1986). The provisions of a plea agreement are examined in accordance with the traditional principles of contract law. *United States v. Robison*, 924 F.2d 612, 613 (6th Cir.1991).

Prior to entering the plea agreement, the government informed defense counsel that Rooney was a suspect in a criminal investigation. The government had reason to believe that Rooney, while under conditions of pretrial release, was involved in the theft of a large quantity of Demerol from her place of employment. After defense counsel was informed of the government's suspicions, the parties agreed that

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District  of Ohio, sitting by designation.

the government would have no obligation to make a motion for a downward departure if Rooney violated the conditions of pretrial release after she met with the government on January 3, 2003. In paragraph 15 of the plea agreement, the parties provided that:

> While this case is pending the defendant agrees to abide by the order of the court, including any orders setting conditions of release. In the event the defendant fails or **has failed** to comply with any such order of the court, the government is free to withdraw from the plea agreement or to be relieved of its obligations, if any, under paragraphs 11 and 12 of the agreement." (Emphasis added).

Therefore, at the time the government offered the plea agreement to Rooney, the government had reason to suspect that she was in breach of the agreement. (Rooney's criminal conduct was subsequently confirmed). Similarly, Rooney knew at the time she signed the agreement that she had violated the conditions of her release and that she was in breach of the agreement. Thus, the district court did not err in determining that the government met its burden of proving that Rooney breached the plea agreement.

■ Rooney's contention that the government waived her breach is meritless. In essence, Rooney argues that because the government had some knowledge of her criminal conduct while on pretrial release before it offered her the plea agreement, the government waived the opportunity to raise that conduct as a reason for not moving the district court for a § 5K1.1 downward departure. No such waiver agreement appears within the four corners of the parties' plea agreement, and the integration clause in the plea agreement demonstrates that Rooney understood that there were no unwritten understandings with the government, such as an understanding to waive a breach or to overlook Rooney's violation of the conditions of pretrial release. *See United States v. Hunt,* 205 F.3d 931, 935 (6th Cir.2000). In addition to the parties' plea agreement, Rooney's Fed. R. Crim P. 11 colloquy with the district court reveals no such waiver on the part of the government or understanding between the parties. Our review of the record reveals that instead of waiving Rooney's criminal conduct while under conditions of release, the government wisely foresaw the possibility of breach and appropriately provided for a contractual provision designed to deal with the breach. The district court did not err in finding that, under the terms of the parties' plea agreement, the government made no promise to ignore Rooney's violation of the conditions of her pretrial release.

■ To the extent that Rooney argues that the government acted in bad faith, the argument is not cognizable. The government's refusal to recommend a downward departure can only be reviewed for unconstitutional motives. *United States v. Hawkins,* 274 F.3d 420, 427 (6th Cir.2001). Courts may only review the government's refusal to file the motion to determine whether its decision was based on unconstitutional motives such as race or religion. *United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir.1998). Rooney does not contend that the government declined to move for her downward departure because of her race or religion. Thus, the government's decision may not be reviewed for bad faith, *see United States v. Moore,* 225 F.3d 637, 641 (6th Cir.2000). and a review of the record reveals no hint of an improper motive for the government's failure to file the § 5K1.1 motion so as to bring the case within the holding of *Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).

Accordingly, the district court's judgment is affirmed.